### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL E. BULLOCK, *pro se* | ) | CASE NO. 5:14-CV-01634 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

On July 24, 2014, Plaintiff Samuel E. Bullock ("Plaintiff"), *pro se*, filed a Complaint

challenging a denial of his claim for a Period of Disability and Disability Insurance Benefits

under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423 *et seq*.[1]  (ECF No. 1.)

On October 27, 2014, Defendant Acting Commissioner of Social Security

("Commissioner") filed her Answer and the Transcript.  (ECF Nos. 12 & 13.)  Pursuant to the

Court's Initial Order (ECF No. 6), Plaintiff's Brief on the Merits was due sixty (60) days

thereafter – by December 26, 2014.  Plaintiff, however, failed to filed a brief, nor did he seek an

---

[1] A hearing was held on January 23, 2013 before an administrative law judge ("ALJ")
where Plaintiff opted to proceed *pro se* despite being informed of his right to
representation.  (Tr. 18.)  The ALJ found that Plaintiff was not disabled between June 15,
1995, his alleged onset date, and December 31, 2001, his date last insured.  (Tr. 20, 23.)
The ALJ determined that Plaintiff did not suffer from any severe impairments during the
relevant time period.  (Tr. 22.)

extension of time to do so.  Therefore, on January 23, 2014, Plaintiff was ordered to show cause on or before Monday, February 9, 2015, why his case should not be dismissed for want of prosecution.  (ECF No. 15.)  Plaintiff was also ordered to file his Brief on the Merits by the same date.  *Id*.

On January 27, 2015, Plaintiff telephoned Chambers indicating that he did not "remember" receiving the Initial Order.  The Court docket reflects said Order was mailed to plaintiff the same date it was issued, and there is no indication that the Order was returned as undeliverable.  Moreover, Plaintiff clearly received the Show Cause Order mailed to the same address.  On February 9, 2015, Plaintiff did not file his Brief on the Merits, nor did he offer any particular reason for failing to comply with this Court's Order, other than to state that he thought he "had met all requirements."  (ECF No. 16.)  Plaintiff, nevertheless, requested a thirty (30) day extension of time to file his Brief on the Merits, which was granted.  (ECF No. 16.)

On March 10, 2015, Plaintiff did not file a Brief on the Merits, but did file an "Answer," which cannot reasonably be construed as a Brief on the Merits.  (ECF No. 17.)  In his less than two page filing, Plaintiff did not raise anything resembling a legal argument other than to generally conclude that the decision was not supported by substantial evidence.  (ECF No. 17.)  It is well settled that "inartfully pleaded allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief." *Id*.  Nonetheless, even with active interpretation, this Court cannot discern a legal argument.  It

is not this Court's function to scour the administrative record and craft arguments on Plaintiff's behalf.[2] While the Court understands that the legal system is daunting for those without any legal training, "dismissal of a case for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily comprehended court deadlines." *May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001).

 Plaintiff completely ignored the Court's Initial Order. Despite being given a second chance to file a brief, Plaintiff failed to present this Court with a cognizable legal argument. The transcript was filed over four months ago, and all efforts to move the case forward have been thwarted by Plaintiff's failure to comply with the Court's orders. Giving Plaintiff what amounts to a third opportunity is, in this Court's view, excessive. "Although dismissal is harsh, it may be appropriate when no alternative sanction would protect the integrity of pre-trial procedures." *Harkleroad v. Astrue*, 2011 WL 3627161 (N.D. Ohio Aug. 17, 2011) (*citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

 For the foregoing reasons, it is recommended that this action be dismissed for lack of prosecution. Alternatively, the Court recommends affirming the Commissioner's decision. Plaintiff has failed to demonstrate that: (1) the ALJ's decision was not supported by substantial

---

[2] Even a brief look at the record reveals that there was simply no evidence of disability between 1995 and 2001. As noted by the ALJ, "the record contains relatively sparse medical records." (Tr. 21.) This is an understatement. The record does not contain *any* medical records prior to October 2010. (Tr. 207-275.) As such, while the Court cannot act as Plaintiff's advocate, it appears no reasonable argument can be made that Plaintiff was disabled during the relevant time period based on the record before the Commissioner.

-3-

evidence; or (2) the ALJ applied incorrect legal standards.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: April 15, 2015


**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**